UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STACIA ALLEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMUNITY CREDIT UNION, et al.,<br><br>　　　　　　　　Defendants. | No. C06-0016P<br><br>ORDER DENYING DEFENDANT DIVERSIFIED FINANCIAL CONCEPTS, INC.'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Diversified Financial Concepts, Inc.'s Motion for Reconsideration. (Dkt. No. 25). The Court DENIES Defendant's Motion for Reconsideration. Under Local Civil Rule 7(h), Plaintiff must bring new arguments or evidence to the Court's attention in order to cause the Court to reconsider its previous ruling. The Court finds that Defendant has not met this requirement in the instant case. Accordingly, the Court must DENY Plaintiff's Motion for Reconsideration.

Defendant Diversified Financial Concepts ("DFC") argues that the Court's Order on its motion for summary judgment (Dkt. No. 23) contains "manifest error" because it held that under the plain language of RCW §49.6.040(10), Defendant, a financial service provider, is a place of public accommodation. Defendant claims that the cases that this Court cited outside of this jurisdiction were not on point and were relied on too heavily by this Court. The Court, however, looked to those cases only as persuasive authority in the absence of definitive authority in this jurisdiction as to whether or not a financial service provider is a place of public accommodation. In examining the precedent of

ORDER - 1

other jurisdictions employing their own statutes, this Court found that the trend among sister courts was to consider financial institutions and banks to be places of public accommodation.

Defendant also criticizes this Court's refusal to rely on Fell v. Spokane Transit Authority, 128 Wn. 2d 618 (1996), to grant 12(c) dismissal in favor of Defendant.  While Fell does address the issue of what constitutes a "place of public accommodation" under RCW §49.6.040(10), the ruling in that case was not relevant to the case at hand because it dealt with plaintiffs who were suing a government entity for alleged failure to provide adequate transit services to disabled citizens. The Fell court's admonishment that the "mandate to provide access to places of public accommodation is not a mandate to provide services" resulted in a denial of the plaintiffs' claim in that case because there was no fixed place within the Spokane transit system to which the Fell plaintiffs were being denied access–rather the plaintiff alleged that they were being denied paratransit *services*. 128 Wn.2d at 638 (emphasis added).

By contrast, in the case at hand, Defendant DFC was offering its services at a fixed location to which Plaintiff alleges that she was denied full and equal access because of Defendant's employee's reaction to her sex.  The Court found that this allegation states a claim upon which relief may be granted and does not change its opinion on reconsideration.  Accordingly, Defendant's motion is DENIED.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: July 19, 2006.

Marsha J. Pechman
United States District Judge